IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CARL PATRICK                                                                             PETITIONER

VS.                                         CIVIL ACTION NO. 3:12cv14-DPJ-FKB

RONALD KING                                                     RESPONDENT

## REPORT AND RECOMMENDATION

This cause is before the Court on Respondent's motion to dismiss the petition for writ of habeas corpus filed by Carl Patrick. Petitioner has failed to respond to the motion. Having considered the motion, the undersigned recommends that Respondent's motion be granted and that the petition be dismissed without prejudice.

Petitioner pleaded guilty in 2004 to one count of business burglary in the Circuit Court of Scott County, Mississippi and was sentenced as a habitual offender to a term of seven years. On December 7, 2011, he filed in the Mississippi Supreme Court a "Petition to Clarify Sentence." The court held that pursuant to Miss. Code Ann. § 99-39-7, because there had been no direct appeal of Patrick's conviction or sentence, the petition was not properly before the supreme court.[1] The supreme court dismissed the petition without prejudice to Patrick's right to file it in the trial court. The state represents, and Patrick does not dispute, that Patrick never sought any further relief from the state court. Instead, he filed the present petition, in which he argues that his prison time has been calculated

---

[1] Miss. Code Ann. § 99-39-7 provides that a motion for post-conviction relief is to be filed as an original civil action in the trial court, except in cases in which the petitioner's conviction and sentence have been appealed to the Supreme Court of Mississippi.

incorrectly.

Before federal habeas relief may be granted, a prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied if the substance of the federal claims set forth in the habeas petition has been fairly presented to the state's highest court in a procedurally proper manner and the state court has been given a fair opportunity to pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). Patrick has not met the exhaustion requirement because he has not yet presented his claims to the Mississippi Supreme Court in a procedurally proper manner. For this reason, the undersigned recommends that Respondent's motion be granted and the petition be dismissed without prejudice so that Patrick may pursue his state court remedies.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 27th day of June, 2012.

                                               /s/ F. Keith Ball
                                               UNITED STATES MAGISTRATE JUDGE